# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JAYNIECE K. STURDEVANT,  )<br>  )<br>   Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>NANCY A. BERRYHILL, *Acting*  )<br>*Commissioner of the Social Security*  )<br>*Administration*,[1]  )<br>  )<br>   Defendant.  )<br>  ) | No. 0:17-168-DCN<br><br>**ORDER** |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that the court affirm Acting Commissioner of Social Security Nancy A. Berryhill's (the "Commissioner") decision denying Plaintiff Jayniece K. Sturdevant's ("Sturdevant") application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Sturdevant filed for SSI and DIB in February 2011, alleging that she became disabled beginning May 15, 2010. Tr. 868. Sturdevant's applications were denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Augustus C. Martin ("ALJ Martin" held a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

hearing on June 4, 2012, at which Sturdevant and a vocational expert ("VE") testified. Tr. 24. Sturdevant was represented by her attorney, James Callahan ("Callahan"), at the hearing. Id. ALJ Martin issued a decision on July 3, 2012, finding Sturdevant not disabled under the Social Security Act. Tr. 15–23. Following the Appeals Council's denial of Sturdevant's request for review, Sturdevant appealed to the United States District Court, which reversed ALJ Martin's decision and remanded Sturdevant's case, directing the ALJ to address Sturdevant's alleged right hand impairment. Tr. 865.

Based on subsequent claims for DIB and SSI that Sturdevant filed in December 2013, the Appeals Council issued an order on July 2, 2015, directing the ALJ to consolidate claim files, create a single electronic record and issue a new decision on the consolidated claims. Tr. 879–80. A second hearing was held on January 6, 2016 before a different ALJ, Carl Watson ("ALJ Watson"), at which Sturdevant and a VE testified. Tr. 739. ALJ Watson issued a decision on September 2, 2016, finding Sturdevant not disabled. Tr. 713–29.

On January 19, 2017, Sturdevant initiated the current appeal to this court. ECF No. 1. On January 29, 2018, the magistrate judge issue the R&R recommending that this court affirm ALJ Watson's decision. ECF No. 22. On February 13, 2018, Sturdevant filed objections to the R&R. ECF No. 23. On February 22, 2018, the Commissioner filed a reply. ECF No. 24.

    **B.**    **Medical History**

Because Sturdevant's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and only notes a few relevant facts.

Sturdevant was born in 1957 and was fifty-two years old at the time of her alleged disability onset date. Tr. 235. She has passed a General Educational Development test and has past relevant work experience as a waitress, a fork lift operator, and a warehouse worker. Tr. 240–41, 247. Sturdevant alleged disability due to high blood pressure, back and leg pain, chronic obstructive pulmonary disease, neuropathy of the right hand, depression and anxiety, and other physical ailments. Tr. 868.

**C.     ALJ's Decision**

Applying the five-step sequential analysis, ALJ Watson found that Sturdevant had not engaged in in substantial gainful activity since her alleged disability onset date of May 15, 2010. Tr. 715. ALJ Watson also determined that Sturdevant had the following severe impairments: mild lumbar spondylosis, moderate central stenosis at the L4-5, and chronic obstructive pulmonary disease with tobacco abuse. Id. However, ALJ Watson found that Sturdevant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). Tr. 717. ALJ Watson further found that Sturdevant retained the residual functional capacity ("RFC") to:

> Perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, as well as occasionally balance, stoop, kneel, crouch, and crawl. She must avoid moderate exposure to smoke, fumes, odors, dust, gases, and poor ventilation. The claimant must avoid working at unprotected heights.

Tr. 718–19. ALJ Watson found that Sturdevant was capable of performing past relevant work as a waitress and as a waitress supervisor, and that this work did not

require the performance of work-related activities precluded by Sturdevant's RFC. Tr. 728. Based on this analysis, ALJ Watson found that Sturdevant was not disabled from the alleged onset date through the date of the decision. Id.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). "[W]here the objections are repetitive of the arguments already made to the magistrate-judge, a de novo review is unwarranted." Rodriguez-Gonzalez v. Astrue, 854 F. Supp. 2d 176, 178 (D.P.R. 2012). In that instance, the district court reviews the R&R for clear error. Id.; see Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992) ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by . . . rehashing [ ] the same arguments and positions taken in the original papers submitted to the Magistrate Judge.").

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its

judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

### III. DISCUSSION

Sturdevant raises three objections to the R&R: (1) ALJ Watson erred in giving no weight to the opinions of Sturdevant's treating medical providers; (2) substantial evidence did not support ALJ Watson's finding that Sturdevant's right upper extremity impairment was "non-severe"; and (3) ALJ Watson improperly discounted the Sturdevant's testimony and credibility. All of these issues were raised in Sturdevant's initial briefing. Pl.'s Br. at 24, 30–32, 36. They were all addressed fully by the R&R. R&R at 5, 11 13–14, 19–22. Here, the court adopts the R&R, under both the clear error and de novo review standards, and affirms the Commissioner's decision, finding it to be supported by substantial evidence.

#### A. Weight Given to Treating Medical Providers

Sturdevant argues that ALJ Watson failed to give adequate weight to the opinion of her treating physician assistant, Mary C. Decker, PA-C ("PA Decker"), who provided medical care for Sturdevant for years. Pl.'s Obj. at 2. Sturdevant does

5

not contend that ALJ Watson was required to give PA Decker's opinions controlling weight at the time she filed her application, as PA Decker was not a medical doctor. Id. However, Sturdevant contends that PA Decker's failure to meet the standards of "an acceptable medical source" does not justify treating her opinion with no weight. Id. Sturdevant misconstrues ALJ Watson's assessment of PA Decker's opinion. He did not decide to accord "no weight" to her opinion simply because she was a Physician's Assistant, rather than a medical doctor, nor did he summarily accord no weight to her entire opinion for no justifiable reason. Although ALJ Watson did note that PA Decker was not an acceptable medical source, he gave specific reasons for why he accorded no weight to each portion of Decker's opinions.

ALJ Watson gave no weight to the Family Medical Leave Act ("FMLA") form that PA Decker completed on June 26, 2009, because he found that the objective medical evidence of record did not support her opinion that Sturdevant would "maybe" have to be absent from work for several weeks because of pain flare-ups and that these flare-ups would "maybe" prevent Sturdevant from performing her job functions. Tr. 725. ALJ Watson then determined not to rely on the FMLA form completed by PA Decker on May 5, 2010 because he found her statement that Sturdevant was unable to work at least three days a month because of "episodes" to be too vague. Id.

ALJ Watson also found that PA Decker's assessments of Sturdevant's capacity to lift and carry items was inconsistent and "illogical." Tr. 726. For support, ALJ Watson cited that in July 2010, PA Decker found that Sturdevant could lift up to 35 pounds for up to 2 hours, and then in September 2010 reported that Sturdevant

6

could lift up to 50 pounds continuously, but could only occasionally lift up to 20 pounds. ALJ Watson found this to be "illogical, and accorded [it] no weight." Id. It was then reported that Sturdevant could carry up to 100 pounds continuously, but could only occasionally carry up to 20 pounds, which the court agrees is contradictory and confusing. Id. ALJ Watson then noted the opinion of Sturdevant's rheumatologist in November 2010 that Sturdevant could return to work, which contradicts PA Decker's opinions regarding Sturdevant's physical limitations. Id. In concluding his discussion of PA Decker's opinion, ALJ Watson discounted the fact that PA Decker signed a handicapped placard application in March 2012, noting that "determinations of disability made by other agencies are not binding on the Social Security administration or determinative of disability under Social Security Law (20 CFR 404.1504 and 416.904). Id. Ultimately, ALJ Watson found that PA Decker's opinions "are not supported by objective findings." Id.

The court finds that substantial evidence supports ALJ Watson's treatment of PA Decker's opinion and that the R&R satisfies both de novo and clear error review. Thus, the court denies Sturdevant's first objection.

### B. Sturdevant's Right Upper Extremity as Non-Severe

Sturdevant next objects to ALJ Watson's finding at step two that Sturdevant's upper right extremity impairment ("right hand impairment") was non-severe.[2] At the second step of the sequential evaluation process, the ALJ will "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. §

---

[2] Plaintiff's objection simply repeats the arguments Plaintiff brought in her initial brief to the magistrate judge, and as such the R&R is subject to clear error review. However, even on de novo review, the court would find that substantial evidence supports ALJ Watson's finding that Plaintiff's right hand impairment was not severe.

404.1520(a)(4)(ii). The claimant must demonstrate that he or she has an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An ALJ will find an impairment not to be severe if it does not significantly limit the plaintiff's ability to do "basic work activities" such as:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1522.

There was some evidence in the record of Sturdevant having difficulty with her right upper extremity, including a history of factures of her right wrist and some numbness and tingling from the right elbow up into the fourth and fifth digits of her right hand. Tr. 458, 460. Notwithstanding this, the record also provides substantial evidence of Sturdevant's activities that support ALJ Watson's conclusion that these impairments would not significantly limit Sturdevant's ability to do basic work activities. As the R&R noted, Sturdevant smokes two packs of cigarette per day, which requires the use of her fingers and fine motor skills. Tr. 1269, 1275. She has stated that she has the grip strength to grab a 12-pack of canned beverages and holds 10 to 12 individual beer cans throughout the day, which also requires reasonably good hand coordination and gripping ability. Tr. 759, 1072, 1269, and 1275. Sturdevant possesses the hand dexterity to control a riding lawn mower and to occasionally drive a car. Tr. 41, 53, 259. Her daily activities also include preparing meals, washing

dishes, letting out her chickens and checking for eggs. Tr. 39–40, 256, 765, 1004. She also reported going fishing several times a year. Tr. 1006. All of this demonstrates that Sturdevant's right arm impairment was not so severe as to "significantly" limit her ability to do basic work activities. Thus, the court finds that ALJ Watson's determination at step two that her right arm impairment was not a severe impairment is supported by substantial evidence.

### C. Sturdevant's Testimony and Credibility

In Sturdevant's final objection to the R&R, she objects to the magistrate judge's determination that Sturdevant "failed to demonstrate that the ALJ's evaluation of [Sturdevant's] subjective complaints is unsupported by substantial evidence or controlled by an error of law." Pl.'s Obj. at 8, quoting R&R at 19. Sturdevant argues that "the ALJ improperly discounted the Sturdevant's testimony and credibility, for reasons contrary to the agency's regulations, not supported by the substantial evidence, and not related to the ability to sustain work."[3] Pl.'s Obj. at 8. The court disagrees.

An ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record when evaluating the credibility of the plaintiff's subjective complaints. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (per curiam). "An ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review." Marquez v. Colvin, 2014 WL 1316113, at *3 (E.D.N.C. Mar. 31, 2014). However, the ALJ "need not cite every piece of possibly relevant evidence in the record." Fridley v. Astrue, 2014 WL 2468821, at *6 (W.D. Va. June

---

[3] Again, Plaintiff made this exact argument in her original brief to the magistrate judge. Pl.'s Br. at 1, 36.

9

3, 2014). In reviewing the evidence in the record, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The court agrees with the magistrate judge that "[t]he ALJ's decision reflects careful consideration of the medical evidence and the limitations stemming from [Sturdevant's] impairments and provides numerous reasons for discounting [Sturdevant's] subjective complaint." R&R at 19. After devoting over six pages to summarizing and discussing the medical and other evidence in the record, ALJ Watson concluded that the evidence of Sturdevant's "activities of daily living" contradict her claims to be so functionally limited that she cannot work. Tr. 723. ALJ Watson listed the following activities that Sturdevant is able to do:

> "tend to her personal hygiene, cook, taker her medications independently, clean, drive, collect chicken eggs, take care of her dogs, listen to music, wash dishes, shop, handle her finances, go fishing, [ ] wash laundry, watch television, talk on the telephone and use the computer to engage in social media and send emails."

Id. Based on this list, the court finds that substantial evidence supports ALJ Watson's conclusion that these activities "generally reveal functioning at a greater level than alleged" and that they are "representative of a fairly active lifestyle and are not indicative of a significant restriction of activities or constriction of interests." Id.

Based upon these daily living activities, ALJ Watson found that Sturdevant could perform work activities consistent with her RFC, and thus did not fully credit Sturdevant's claims of being so functionally limited that she could not work.

However, as the Commissioner notes in her reply to Sturdevant's objections, "the ALJ did in fact adopt some of Sturdevant's subjective complaints by limiting Sturdevant to a reduced range of light work." Tr. 718. Resp. at 3. The court finds that substantial evidence supports ALJ Watson's decision to adopt some of Sturdevant's subjective complaints of functional limitations while simultaneously finding that the record did not fully support all of her complaints of limitations. Although Sturdevant may disagree with ALJ Watson's credibility assessment, it is not the province of this court to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. Craig, 76 F.3d at 589. Therefore, the court finds that ALJ Watson's credibility determination is supported by substantial evidence in the record and finds that remand is not warranted to further consider Sturdevant's subjective complaints.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R & R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

                                                  **DAVID C. NORTON**
                                                  **UNITED STATES DISTRICT JUDGE**

**March 29, 2018**
**Charleston, South Carolina**